

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

February 24, 1950

Hon. Allan Shivers
Governor of Texas
Austin, Texas

Opinion No. V-1014

Re: The eligibility of members of the State Board of Education to be candidates for re-election to their present positions.

Dear Governor Shivers:

Your request for an opinion reads in part as follows:

"I would appreciate your informing me whether or not, in your opinion, the present members of the State Board of Education are eligible to be candidates for re-election to their present positions."

House Bill 964, Acts 51st Leg., R.S. 1949, ch. 546, p.1056 (Art. 2663c, V.C.S.) amends Article II of Senate Bill 115, Acts 51st Leg., R.S. 1949, ch.299, p. 537, one of the Gilmer-Aikin school laws. Section 9 of H.B. 964 provides:

"No person who holds an office under the State of Texas or any political subdivision thereof, or who holds employment or receives any compensation for services from the State or any political subdivision thereof, except retirement benefits paid by the State of Texas or the Federal Government, or any person engaged in organized public educational activity, shall be eligible to serve on said Board or be elected thereto. No person shall be elected from or serve in a district who is not a bona fide resident thereof, with five (5) years continuous residence therein, prior to his election. No person shall be eligible to serve on said Board or to be elected thereto unless he shall be a citizen of the United States, a qualified elector of his district, and shall have attained the age of thirty (30) years . . ."

House Bill 964, supra, creating an elective State Board of Education, was enacted by the Legislature pursuant to the provisions of Section 8, Article VII of the Constitution of Texas. Section 9 specifies the qualifications for the members of such board. Among other qualifications, it is specifically provided in such section that "no person who holds an office under the State of Texas . . . shall be eligible to . . . be elected thereto."

It is clear that members of the elective State Board of Education "hold an office under the State of Texas." Art.2663d, V.C.S. Indeed, members thereof hold the highest office in the public school system of this State.

If Section 9 of H.B. 964 were construed literally to mean that a person who holds office as a member of the elective Board of Education was ineligible to be re-elected to that office so long as he holds membership on the Board, then it would likewise follow that such a member could not serve on the Board, for Section 9 also provides that "no person who holds an office under the State of Texas . . . shall be eligible to serve on said Board." Furthermore, it would follow that such a member could not serve on the Board for the reason that Section 9 also provides that no "person engaged in organized public educational activity, shall be eligible to serve on said Board." Thus it is to be observed that when the provisions of Section 9 are construed in their entirety, as they must be, an ambiguity results from giving a strict literal interpretation to the context. It is apparent that such a construction would lead to an absurdity and consequences not intended by the Legislature.

It is settled law, however, that statutes will be construed so as to carry out the legislative intent. 2 Sutherland Statutory Construction (3rd Ed. 1943) 333, Sec.4701. When such intent is once ascertained, it will be given effect even though the literal meaning of the words used therein is not followed. Wood v. State, 133 Tex. 110, 126 S.W.2d 4 (1939); Longoria v. State, 126 Tex. Crim. 362, 71 S.W.2d 268 (1934); Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927); Hidalgo County Drainage Dist. No. 1 v. Davidson, 102 Tex. 539, 120 S.W. 849 (1909).

Furthermore, it is a well established rule of

statutory construction that the Legislature is presumed to have intended that which is reasonable and effectual rather than that which is productive of absurd or anomalous consequences. Statutes should never be given a construction that leads to uncertainty, injustice, or confusion if it is possible to construe them otherwise. 39 Tex.Jur. 222, 246, Statutes, Secs. 118, 131; 39 Tex. Jur. 176-184, Statutes, Secs. 93, 95, 96.

In applying these rules of statutory construction, we have concluded that the Legislature could not have intended that the provisions of Section 9 of House Bill 964 should apply to a person who holds an office on the elective State Board of Education, or to affect his eligibility as a candidate for re-election to his present position. Legislative intent to prohibit such a Board Member from succeeding himself in office, or requiring his resignation from office before offering himself as a candidate for re-election to such office is not found within the law. If the Legislature had so intended it could have provided for such in clear and unambiguous language. This it has not done, and we so hold.

Accordingly, it is our opinion, and you are so advised, that a member of the elective State Board of Education is eligible to be a candidate for re-election to his present office, other qualifications of the law having been met, and it is not necessary that he resign from the office in order to be a candidate for re-election.

### SUMMARY

A member of the elective State Board of Education is eligible to be a candidate for re-election to his present office, other qualifications of Section 9 of House Bill 964, Acts 51st Leg., R.S. 1949, ch.546, p.1056 (Art.2663c, V.C.S.) having been met.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

Joe R. Greenhill
First Assistant
CEO:mf:mw

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant